981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
A-PLUS ROOFING, INC., Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE; United States
of America, Respondents.
 No. 90-70547.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 18, 1992.*
Decided Dec. 22, 1992.
 
 Before GOODWIN, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A-Plus Roofing, Inc. ("A-Plus") petitions for review of an administrative law judge's ("ALJ") order imposing $5000 in fines under the employer sanctions provisions of the Immigration Reform and Control Act of 1986. 8 U.S.C. § 1324a.
 
 
 3
 The Immigration and Naturalization Service ("INS") charged A-Plus with failing to prepare, failing to complete properly, and failing to present Employment Eligibility Verification Forms (Form I-9) for twelve employees as required under 8 U.S.C. § 1324a. A-Plus admitted its guilt, and the ALJ assessed a penalty of $490 for each violation involving a failure to prepare an I-9 Form, $325 per failure to complete the form properly, and $435 per failure to present an I-9 Form for a total of $5,000.
 
 
 4
 The only issue contested by A-Plus is the amount of the fines. Our review in this regard is limited. We may not disturb the fines imposed by the ALJ unless they are "unwarranted in law or unjustified in fact." Spencer Livestock Comm'n v. Department of Agric., 841 F.2d 1451, 1456 (9th Cir.1988) (citing Butz v. Glover Livestock Comm'n Co., 411 U.S. 182, 185-86 (1973)). In other words, we need only decide whether the penalty imposed by the ALJ was " 'an allowable judgment' " under the relevant statute and facts. Blackfoot Livestock Comm'n v. Department of Agric., 810 F.2d 916, 922 (9th Cir.1987) (quoting Butz, 411 U.S. at 189).
 
 
 5
 A-Plus argues that the ALJ acted outside the scope of discretion permitted by 8 U.S.C. § 1324a(e)(5)[1] by relying on unreliable evidence as to A-Plus' financial condition and size, and on a finding of a lack of good faith. There is no merit to this contention. The ALJ's determination that the petitioner failed to show an inability to pay the $5,000 penalty is supported by the record. We are satisfied that the ALJ properly considered the relevant statutory factors in setting the amount of the fines.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 1324a(e)(5) provides:
 With respect to a violation of subsection (a)(1)(B) of this section, the order ... shall require the person or entity to pay a civil penalty in an amount of not less than $100 and not more than $1,000 for each individual with respect to whom such violation occurred. In determining the amount of the penalty, due consideration shall be given to the size of the business of the employer being charged, the good faith of the employer, the seriousness of the violation, whether or not the individual was an unauthorized alien, and the history of previous violations.